IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00140-BR

**Boyette Brothers Produce, LLC**,

    Plaintiff/Counter-Defendants,

v.  **Protective Order**

**Arvila, LLC, et al.**,

    Defendants/Counter-Plaintiffs.

Plaintiff Boyette Brothers Produce, LLC claims that discovery requests issued by Defendants Arvila, LLC; TMF Florida, LLC; Florian Braich; and Angela Braich call for the production of confidential business information. Thus, there is good cause to enter a protective order allowing production of responsive documents and information while protecting their sensitive nature.

## A. Proceedings and Information Governed.

This protective order governs any document, information, or other thing furnished by any party to any other party, and may be utilized any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as Confidential or Confidential Attorney Eyes Only in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**B. Designation and Maintenance of Information.**

1. A party may designate a document as Confidential if the party has a good faith belief that the document contains confidential, proprietary, and/or commercially sensitive information. A party shall designate a document as confidential by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER**

2. A party may designate a document as the Confidential Attorney Eyes Only if the party has a good faith belief that the document contains or reflects information that is extremely confidential and/or sensitive in nature and the party reasonably believes that the disclosure of the document is likely to result in economic harm or significant competitive disadvantage. The following information, if non-public, shall be presumed to merit the CONFIDENTIAL - ATTORNEY EYES ONLY designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, employee information, and other non-public information of similar competitive and business sensitivity. **The parties shall use caution in designating documents that have previously been disclosed to third parties as Confidential Attorney Eyes Only.** A party shall designate a document as Confidential Attorney Eyes Only by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

3. Confidential information and Confidential Attorney Eyes Only information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not

to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

4. A party or a deponent may designate information disclosed at a deposition as Confidential or Confidential Attorney Eyes Only by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party or the deponent will have fourteen days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential or "Confidential Attorney Eyes Only." If no such designation is made at the deposition or within this fourteen day period (during which period, the transcript must be treated as "Confidential Attorney Eyes Only," unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential or "Confidential Attorney Eyes Only." Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing information designated as Confidential or Confidential Attorney Eyes Only in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**C. Inadvertent Failure to Designate.**

The inadvertent failure to designate any document or information as Confidential or Confidential Attorney Eyes Only will not be deemed to waive a later claim as to its sensitive nature. If a producing party realizes that it has inadvertently failed to designate a document, in shall inform the receiving party in writing and with particularity. The receiving party must treat the information as

Confidential or Confidential Attorney Eyes Only from the time the receiving party is notified in writing of the change in the designation.

   **D. Challenge to Designations.**

A receiving party may challenge a producing party's designation of any information as Confidential or Confidential Attorney Eyes Only at any time. Any receiving party that disagrees with a designation may request in writing that the producing party change the designation. The producing party will then have ten days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten day time-frame, and after required conference to resolve the matter, the receiving party may at any time thereafter seek a Court order requiring the producing party to remove the Confidential or Confidential Attorney Eyes Only designation on the information. Once the receiving party files its motion, the designation will remain in full force and effect, and the information will continue to be accorded the Confidential or Confidential Attorney Eyes Only or treatment required under this Protective Order until the Court rules on the motion to change the designation.

   **E.     Disclosure and Designated Information.**

   1.     Information designated as Confidential or Confidential Attorney Eyes Only may only be used for purposes of this action at the trial and appellate levels. Information designated as Confidential or Confidential Attorney Eyes Only may not be used under any circumstances for any other purpose.

   2.     Subject to Paragraph E(4) below, Confidential information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) Two employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(b) In-house counsel, outside, or local counsel who are identified by the receiving party and personnel employed them, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(d) Experts or consultants and personnel employed by them; and

(f) Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and

(g) Those individuals allowed to receive designated materials under Paragraph E(6)(d).

3. Subject to Paragraph E(4), information designated as Confidential Attorney Eyes Only may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) Counsel of record for the receiving party and supporting personnel employed by them, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

(b) Experts or consultants; and

(c) Those individuals allowed to receive designated materials under Paragraph E(6)(d).

4. Prior to disclosing information designated as Confidential or Confidential Attorney Eyes Only to a receiving party's proposed expert, consultant, or their employees, the receiving party's Counsel shall provide to the producing party's Counsel a signed Agreement to be Bound by Protective Order, attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten days from receipt of the Agreement to object to any proposed individual about to receive the information designated as Confidential or Confidential Attorney Eyes Only. The objection must state in writing the reasons, with particularity, for the objection. Failure to object within ten days constitutes approval of the disclosure. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the objection. There will be no disclosure to any proposed individual during the ten day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any motion.

5. Counsel are responsible for ensuring that persons outside their law firms adhere to the terms and conditions of this Protective Order but Counsel may fulfill this obligation by obtaining a signed Agreement in the form attached as Exhibit A.

6. Information designated as Confidential or Confidential Attorney Eyes Only may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

  (a) The party previously received or authored the designated document or information;

(b) The person is testifying pursuant to Rule 30(b)(6) and the document or information was authored or received by a director, officer, employee or agent of the company the person is testifying on behalf of;

(c) The designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(d) Counsel for the party designating the material agrees that the material may be disclosed to the person.

7. If a receiving party wishes to disclose documents or information designated as Confidential Attorney Eyes Only to a person not otherwise authorized to receive it under the terms of this order, the receiving party shall provide the following information in writing to the disclosing party:

(a) The documents or information the receiving party wishes to disclose;

(b) The name and city and state of residence of the proposed recipient of the document or information;

(c) The proposed recipient's employer and a description of the recipient's job duties in sufficient detail to allow the disclosing party to determine if the proposed recipient could utilize the document or information in a manner that is likely to result in economic harm or significant competitive disadvantage; and

(d) The reason the disclosure is necessary.

Counsel for the receiving party may disclose the document or information to the proposed recipient unless, within seven days of receipt of the request, the designating party objects in writing to the proposed disclosure and provides a detailed basis for the objection. **The parties are**

**encouraged to object to a proposed disclosure only if the disclosing party believes in good faith that allowing the disclosure is likely to result in economic harm or significant competitive disadvantage.** The parties shall meet and confer in a good faith attempt to resolve the dispute. If the parties are unable to resolve their dispute, they should notify the undersigned's case manager and the court will arrange a time for a telephonic hearing to address the matter.

8. In the event of disclosure or discussion of designated materials during the course of a deposition, only the court reporter, the person, his or her counsel, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of information designated as Confidential or Confidential Attorney Eyes Only." Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

F. **Nonparty Information.**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order. Any party may designate information produced by a third party as Confidential or Attorney Eyes Only within 7 days after production. Documents produced by third parties shall be treated as Attorneys Eyes Only until this 7 day period expires unless the parties agree otherwise.

G. **Filing Documents with the Court.**

If any party wishes to submit information that has been designated as Confidential or Confidential Attorney Eyes Only to the Court, the submission must be filed only under seal

pursuant to the procedure set out in Section V.G.1 of the Electronic Case Filing Administrative Policies and Procedures Manual for the Eastern District of North Carolina.

    **H.**    **No Prejudice.**

Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not:

    (a)    Operate as an admission by any party that any particular information designated as Confidential or Confidential Attorney Eyes Only actually contains or reflects any real trade secrets or any other type of confidential or proprietary information;

    (b)    Prejudice the rights of any party to object to the production of information or material that the party does not consider to be within the scope of discovery;

    (c)    Prejudice the rights of any party to seek a determination by the Court that particular materials be produced;

    (d)    Prejudice the rights of any party to apply to the Court for further protective orders; or

    (e)    Prevent the parties from agreeing in writing to alter or waive the provisions or protections provided in this Protective Order with respect to any particular information or material.

    **I.**    **Conclusion of Litigation.**

Within 60 days after final judgment in this action, including the exhaustion of all appeals, or within 60 days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party

all materials and documents containing any information designated as Confidential or "Confidential Attorney Eyes Only," and, upon request, to certify to the producing party that this destruction or return has been completed. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

    **J.    Ancillary Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court, agency, or tribunal of any kind from finding that any information may be relevant and subject to disclosure in any other proceeding. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential or Confidential Attorney Eyes Only pursuant to this Protective Order must promptly notify the designating party of the motion seeking disclosure so that the designating party has an opportunity to appear and be heard on whether that information should be disclosed or kept confidential.

    **K.    Remedies.**

1. The Court may enforce any term of this Protective Order by any means, including the imposition of sanctions as set forth in Federal Rule of Civil Procedure 37(b), and any other remedy the Court deems appropriate upon consideration of the matter.

2. If the parties require the court's intervention to resolve a dispute arising out of the provisions of the Protective Order, the court may require the party whose conduct necessitated the court's involvement, the party or attorney advising that conduct, or both to pay the other party's reasonable expenses, including attorney's fees.

3. Any party may petition the Court for relief from a term or condition of this Protective Order.

Dated: May 13, 2017

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00140-BR

| | |
|---|---|
| **Boyette Brothers Produce, LLC**,<br><br>    Plaintiff/Counter-Defendants,<br><br>v.<br><br>**Arvila, LLC, et al.**,<br><br>    Defendants/Counter-Plaintiffs. | **Agreement to be Bound by<br>Protective Order** |

I hereby affirm that:

1. Information, including documents and things, designated as Confidential or Confidential Attorney Eyes Only, as defined in the Protective Order entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order. I agree to comply with and to be bound by its terms.

3. I submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for enforcement of the Protective Order.

4. I agree not to use any information or documentation designated as Confidential or Confidential Attorney Eyes Only disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the document or information or by order of the Court.

5. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6. I understand that I am to retain all documents or materials designated as or containing information that was designated as Confidential or Confidential Attorney Eyes Only in a secure manner; and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter; whereupon all such documents and materials, including all copies, and any writings prepared by me containing any information designated as Confidential or Confidential Attorney Eyes Only are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date