IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00140-BR

**Boyette Brothers Produce, LLC**,

    Plaintiff/Counterclaim-Defendant,

v.

**Arvila, LLC, et al.**,

    Defendants/Counterclaim-Plaintiffs.

**Order**

    This motion is the latest in a series of discovery motions in a case where a deal to sell sweet potatoes has gone sour. Boyette Brothers Produce supplied the produce, and Arvila, LLC and TMF Florida, LLC (collectively "Arvila") either purchased the produce to sell it in Europe or facilitated the sale by connecting Boyette with these European customers. In the latest motion, Boyette claims that Arvila failed to adequately respond to its interrogatories and requests for production of documents. Arvila disagrees, arguing that Boyette is being unreasonable. After reviewing the parties' arguments, the court finds that Arvila must supplement some of its responses, while other issues raised by Boyette are moot. And in light of the court's decision to grant Boyette's motion in part and the fact that Arvila's provided much of the discovery sought after the filing of the motion to compel, Arvila must explain why it should not pay the fees and costs Boyette incurred in connection with this motion.

**I.    Background**

    This motion deals only with Boyette's claims that Arvila did not fully respond to its written discovery requests. Boyette contends that Arvila gave incomplete answers for Interrogatories 2, 3, 5, 6, and 27 and that it did not produce documents for Request for

Production 1, 2, and 13–21. The parties unsuccessfully attempted to resolve this issue without the court's intervention, so Boyette filed this Motion to Compel on April 10, 2017. Arvila provided a response, including some Amended Responses to Boyette's discovery requests, two weeks later. Thus the motion is now ripe.

## II. Discussion

The Federal Rules provide that if "a party fails to answer an interrogatory" or "fails to produce documents[,]" then the requesting party "may move for an order compelling an answer[.]" Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Boyette alleges that Arvila failed to properly respond to both types of discovery. Arvila, as the party resisting discovery, bears the burden of showing why the motion to compel should not be granted. *See Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010) (citing *Roesberg* v. *Johns–Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D. Pa. 1980) & *Rogers* v. *Tri–State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W. Va. 1970)).

The undersigned will begin by addressing two sets of interrogatories that Boyette claims Arvila did not fully respond to. Then it will address three sets of document requests that Arvila allegedly did not produce. Finally, it will address Boyette's motion for attorneys' fees and costs.

### A. Interrogatories 2, 3, 5, and 6

Interrogatories 2, 3, 5, and 6 focus on information related to two distinct topics. First, Interrogatories 2 and 3 request that Arvila provide all documents supporting its position that it has complied with its alleged duties to provide an accounting to Boyette. Next, Interrogatories 5 and 6 request that Arvila identify every payment that it either made to Boyette or received from others for the sweet potatoes at issue here.

Despite the distinct areas of inquiry, Arvila provided the same response for all four interrogatories. It initially responded that the relevant documents were "marked ___ through ___ in the Documents attached hereto as Group Exhibit A." *See* Defts.' Disc. Resps., Ex. A at 3, D.E. 50–1. Arvila later provided an Amended Response that removed the blank citations and left only the general citation to Exhibit A. *See* Defts.' Resp. Mot. to Compel at 2, D.E. 55.

Boyette argues that although Rule 33(d) authorized Arvila to respond to the interrogatories by referring to various documents, the rule requires Arvila to "provide sufficient identification of the documents so that Boyette can locate and identify the responsive documents." D.E. 50 at 4. Arvila responds that it did not provide citations to specific documents for Interrogatories 2 and 3 because "the responsive information was so scattered throughout the hundreds of documents[.]" *Id.* at 8–9. For Interrogatories 5 and 6, Arvila amended its response to include a chart summarizing the requested information. *See id.* at 3.

Under the Federal Rules, a party must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). But the rules make an exception when a party can determine the answer by "examining, auditing, compiling, abstracting, or summarizing a party's business records" and the burden of making this determination "will be substantially the same for either party[.]" Fed. R. Civ. P. 33(d). In this situation, a responding party can answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" *Id.*

Thus this rule prohibits the responding party from "[d]irecting the opposing party to an undifferentiated mass of records[.]" *Am. Rockwool, Inc.* v. *Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263, 266 (E.D.N.C. 1985); *see also Stillwagon* v. *Innsbrook Golf & Marina, LLC*, No. 2:13-CV-00018-D, 2014 WL 1652562, at *3 (E.D.N.C. Apr. 23, 2014) (unpublished)

("Document dumps or vague references to documents do not suffice."). The Advisory Committee Note to the 1980 amendment calls this action "an abuse of the option." 85 F.R.D. 521, 531. Instead, the note tells parties that they "should offer [the documents] in a manner that permits the same direct and economical access" that it has, such as "in the form of compilations, abstracts or summaries[.]" *Id.* Thus a party "has the duty to specify, by category and location, the records[.]" *Id.*

Neither Arvila's response to Interrogatories 2 and 3 nor its response to Boyette's motion provide any indication that it has complied with Rule 33(d)'s requirement that it specify the documents containing responsive information in sufficient detail to allow Boyette to locate and identify them. Arvila does not provide the court with a copy of Group Exhibit A or describe the documents to the court so that it can attempt to determine whether the response is appropriate. Instead, Arvila has explained that Group Exhibit A contains hundreds of documents and the relevant information is "scattered throughout" its production. This approach is an example of a party "[d]irecting the opposing party to an undifferentiated mass of records[.]" *Am. Rockwool*, 109 F.R.D. at 266. Thus, Arvila shall supplement its response to Interrogatories 2 and 3 to comply with Rule 33(d).

For Interrogatories 5 and 6, Arvila's original response included no citations to the documents in Group Exhibit A that contained the responsive information. Its amended response included a chart providing the information sought by these interrogatories. Thus the court denies as moot the motion to compel an additional response to these interrogatories.

### B. Interrogatory 27

Boyette asks Arvila in this Interrogatory to explain why it denied any of Boyette's Requests for Admission. Arvila responded that it included its explanations in its response to

these requests. But Boyette notes that Arvila responded only with "Deny" for Requests for Admission 1, 3, 6, 20, 21, 24, 25, and 27. Arvila's response to the motion did not address this argument. Thus, the court grants Boyette's motion to compel responses to this interrogatory.

### C. Document Request 1

For this document request, Boyette asked Arvila for a copy of its PACA license. Arvila objected, arguing that it was a publicly available document that Boyette could find on its own. This objection is insufficient, but because Arvila has now provided a copy of its license, the court will deny as moot Boyette's Motion to Compel for Request for Production 1.

### D. Document Request 2

Here, Boyette requested all "drafts, duplicates[,] or originals, including in electronic form, of" a letter allegedly sent from Arvila to Boyette on November 12, 2015. D.E. 50–1 at 13 & 50–3 at 8. Boyette's discovery instructions provide that electronically stored data should be "provided in native format and produced in a manner that will preserve the document's original metadata." D.E. 50–3 at 3. Arvila responded by providing a hard copy of the letter. It did not provide any electronically stored information and added that it had saved over all past versions of the letter as it updated it. Later, it supplemented its response to add that because of computer crashes, it had lost all electronic copies of the letter and now had only a scanned hard copy.

Although Arvila's initial response was incomplete due to its failure to address the electronically stored information portion of the request, the supplemental response indicates that it has provided all of the responsive documents in its possession, custody, and control. There is no reason, at this time, for the court to doubt Arvila's assertion that there are any additional

5

copies of the letter in existence in either physical or electronic format. Thus, the court denies Boyette's motion to compel for Request for Production 2.[1]

E. **Document Requests 13–21**

Finally, Boyette requested a variety of financial documents from Arvila. In response, Arvila objected to all of the requests, asserting that they "will be the subject of a protective order." Defs.' Disc. Resps., Ex. A at 14–15. It then amended its response to state that it had no responsive documents for Document Requests 14, 16, 19, and 20 but that it would produce documents for 13, 15, 17, 18, and 21 after the parties finalized their protective order. Defts.' Resp. Mot. to Compel at 5. Boyette argues that Arvila did not provide a specific and particular objection in its original response.

The court agrees with Boyette. A party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Arvila's original response did not specify what type of objection it was making and the reasons for that objection. However, its amended responses either sufficiently state the grounds of its objection or provide an adequate response. And now that the court has issued a protective order, *see* Order, D.E. 57, Arvila no longer has grounds to refuse to produce responsive documents. To the extent that Arvila withheld documents on the basis of the absence of a protective order and has not yet produced them, it shall do so.

F. **Attorneys' Fees and Costs**

Boyette also seeks to recover the fees and costs it incurred in connection with this motion. A court may award fees and costs to a party making a motion to compel if the motion is granted or if "discovery is provided after the motion was filed[.]" Fed. R. Civ. P. 37(a)(5)(A).

---

[1] The court expresses no opinion on whether Arvila has complied with its common law duty to preserve documents or whether Rule 37(e) may have some applicability in this circumstance.

Both are true here since the court granted parts of Boyette's motion and Arvila produced its amended responses two weeks after Boyette filed this motion. But first, the court must give Arvila an "opportunity to be heard[.]" *Id.* The court orders it to submit a memorandum of no more than 10 pages either explaining why its nondisclosures, responses, and objections were substantially justified or detailing any "other circumstances [that would] make an award of expenses unjust." *Id.* Arvila must submit this document within 14 days of this order. Boyette will then have 14 days to file a response of no more than 10 pages in length.

**III. Conclusion**

In sum, the court grants Boyette's motion in part and denies it in part. Within 14 days from the date of entry of this order, Arvila shall:

1. Supplement its responses to Interrogatories 2 and 3 to bring them into compliance with Rule 33(d);

2. Supplement its response to Interrogatory 27;

3. Produce documents responsive to Requests for Production 13–21 that were previously withheld on the basis of the lack of a protective order; and

4. Submit a brief of no more than 10 pages showing why the court should not require it to pay the fees and costs Boyette incurred in connection with this motion. Boyette shall have 14 days after the date Arvila files its brief to file a response of no more than 10 pages.

Otherwise, the court denies as moot Boyette's Motion to Compel.

Dated: June 14, 2017

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge